UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS DIVISION

| | |
|---|---|
| LARKIN H. BAGGETT, III | CIVIL ACTION NO. |
| VERSUS | JUDGE |
| CHEVRON U.S.A., INC. | MAG. JUDGE |

*******************************************************************

## COMPLAINT FOR DAMAGES UNDER
## THE OUTER CONTINENTAL SHELF LANDS ACT

COMES NOW, Larkin H. Baggett, III ("Baggett"), complaining of Chevron U.S.A., Inc. ("Chevron"), and for cause of action, your Plaintiff would respectfully show and represent unto this Honorable Court, as follows:

### *JURISDICTION*

1.   That, the jurisdiction of this Honorable Court is invoked under Title 28 U.S.C. §§1331 and 1332, and the amount in controversy exceeds the sum or value or SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and this cause of action arises under the terms and provisions and is subject to the Outer Continental Shelf Lands Act.

### *PARTIES*

2.   Baggett, age 45, is a person of the full age of majority and a resident of Tangipahoa Parish, Hammond, Louisiana.

3.   Chevron is thought to be a foreign corporation, organized and existing by virtue of the laws of the State Pennsylvania, having its principal place of business in San Ramon, California,

but it is licensed to do and doing business in this State and it may be cited to appear and answer herein by serving its registered agent for service of process; namely, The Prentice-Hall Corporation System, Inc., 320 Somerulos Street, Baton Rouge, Louisiana 70802.

    4.   Chevron is one of the largest private producers of oil and gas in the world and the top lease holder in the United States Gulf of Mexico.  Chevron's portfolio, in the United States, is anchored by producing assets concentrated in California, the Gulf of Mexico, Louisiana, Texas, New Mexico, the Rocky Mountains and Alaska. The company was the third-largest hydrocarbon producer in the United States during 2009, with net oil-equivalent production averaging 717,000 barrels per day. Net oil-equivalent production in the United States during 2009 represented approximately one-fourth of the company wide total.

## FACTS OF THE CASE

    6.   That, at all times hereinafter mentioned, Baggett was employed by Superior Energy Services, LLC as an electric wireline operator and was earning in excess of $102,000.00 per annum, plus fringe benefits.

    7.   That, at all times relevant herein, Baggett was temporarily assigned to work on a Chevron permanent production platform, located in the Gulf of Mexico, off the Louisiana Coast, in an area which would fall within the Outer Continental Shelf commonly referred to as Green Canyon, Block 6A.

8.     That, on April 30, 2007, at about 4:30 a.m., Baggett, while in the course of his employment, was caused to suffer permanent injuries and damage, as described in more detail below, when he was obliged to operate, body-up against, a small hand-held jackhammer used to break a well head stud.

9.     That, on the said date and time, Chevron retained the right of supervision over the details of the work performed by Baggett then and there in progress, such that Baggett was not entirely free to do the work in his own way.  To be sure, Chevron ordered Baggett to use the said hand-held jackhammer and then supervised the precise details of the work.

10.    That, the injuries and damage suffered by Baggett were caused by reason of the legal fault, negligence, carelessness and omission of duty on the part of Chevron, without any legal fault, negligence, carelessness or omission of duty on the part of Baggett causing, or in any way contributing thereto.

11.    That, the legal fault, negligence, carelessness and omission of duty on the part of Chevron consisted of the following non-exclusive acts and omissions, as follows:

- in failing to provide this Plaintiff with adequate, proper, and sufficient training concerning the use of the said hand-held jackhammer;

- in failing to instruct this Plaintiff concerning the safe conduct of the work, then and there in progress on April 30, 2007, in general, and, in particular in failing to instruct this Plaintiff concerning the safe use of the said hand-held jackhammer;

- in failing to provide this Plaintiff with adequate, proper, and sufficient supervision when and where the work was being performed;

- in failing to warn this Plaintiff concerning conditions in the work place which caused it to be unfit, unsafe, and unsuitable;

- in ordering this Plaintiff to use the said hand-held jackhammer when it knew, or in the exercise of due and reasonable care, should have known, that Plaintiff was not familiar with this particular tool or the hazards which it presented;

- in failing to take precautions to prevent, or for that matter, in failing to take any precautions to prevent the unfit, unsafe and unsuitable work conditions which then and there existed;

- in failing to provide this Plaintiff with adequate, proper, and safe tools, machinery, and equipment at the time of, and at the place where, the work was to be performed;

- in failing to provide this Plaintiff with adequate, sufficient, and proper job site analysis, at the time of, and at the place where, the work was being performed;

- in failing to provide adequate, proper, and sufficient hazard prevention controls, at the time of, and at the place where, the work was being performed, and

- in failing to adopt practices, policies, and procedures designed specifically to prevent the injuries and damage suffered by this Plaintiff.

12. That, by reason of the legal fault, negligence, carelessness and omission of duty on the part of Chevron, Baggett sustained great bodily injuries; he became and still remains sick and disabled; that, he suffered, among other things, injury to his cervical spine at C3-4, C4-5 and C5-6, to his right shoulder, bilateral hands, low back and hip; that the injury to his right

shoulder and cervical spine was so intense, and so severe, that he was required to submit to operative treatment - - a cervical fusion at C3-4, C5-6 and C5-6 and a right rotator cuff repair; and thereby, he has been caused to suffer severe, painful, and lasting injuries with resultant constant pain and distress; that he has been incapacitated from his usual work and so prevented from pursuing his ordinary occupation and still and will continue to be incapacitated for some time to come; that his ability to perform work has been, and will be, as a result of said injuries greatly lessened, diminished and affected; that his ability to engage in recreational activities has also been affected as a result of said injuries; that Baggett is informed and believes that the injuries which he suffered as a result of the legal fault, negligence, carelessness and omission of duty on the part of Chevron are permanent and create a condition which seriously and permanently affects his general health and will cause disability and seriously interfere with his enjoyment of life; that he has required and will require in the future medical treatment as a result of said injuries and may require further operative treatment; that Baggett is informed and believes that he has been otherwise permanently injured and that he has become and remains permanently disabled.

## DAMAGES

13. That, as a consequence of the foregoing, Baggett has suffered, is suffering and will continue to suffer damages including, without limitation, past and future physical and mental

pain and suffering, past disability and permanent future disability, loss of wages, loss of earning capacity, loss of fringe benefits, loss of enjoyment of life and past and future medical expenses in the amount of FOUR MILLION ($4,000,000.00) DOLLARS, as nearly as can be estimated.

14. Baggett requests and is entitled to trial by jury.

WHEREFORE, Baggett prays that Chevron be served with a copy of this, his, Complaint for Damages under the Outer Continental Shelf Lands Act and that it be duly cited to appear and answer herein; that after the lapse of all legal delays and due proceedings had, that there be judgment herein, in favor of Baggett and against Chevron, in the full and true sum of FOUR MILLION ($4,000,000.00) DOLLARS, as nearly as the same can now be estimated, together with legal interest and for all costs of these proceedings and for trial by jury.

LAWRENCE N. CURTIS, LTD.
(A Professional Law Corporation)
300 Rue Beauregard, Bldg. C
Post Office Box 80247
Lafayette, Louisiana 70598-0247
Telephone: (337) 235-1825
Facsimile: (337) 237-0241
E-mail: larry@larrycurtis.com

BY: s/Lawrence N. Curtis
    LAWRENCE N. CURTIS (4678)

and

Kenneth W. Jacques, Esq. (#7214)
A PROFESSIONAL LAW CORPORATION
Suite 355, Maritime Building
203 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 524-1954
Facsimile: (504) 529-1782
E-Mail: kenjacqueslaw@yahoo.com